UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILY KO,<br><br>    Plaintiff,<br><br>    v.<br><br>LAURA GARNETTE,<br><br>    Defendant. | Case No. 17-cv-04951-EMC<br><br>**ORDER OF DISMISSAL**<br>Docket Nos. 7, 9 |

Plaintiff Lily Ko, also known as Hui Lian Ke, filed this *pro se* civil action while she was confined in the Santa Clara County Jail. Her initial pleading was entitled "affidavit: declaration to withdraw consent of contract, to render null & void all contracts, transaction(s) for account stylized as case [14526193]/[C1496348], and associated cases [114JD22562] & [114JD22563]." Docket No. 1 (brackets in original). The Court dismissed the pleading for failure to state a claim upon which relief may be granted, and allowed Plaintiff to file an amended complaint that cured several pleading deficiencies. *See* Docket No. 6.

Plaintiff then filed an amended complaint. Docket No. 7. In her amended complaint, Plaintiff challenges the validity of the terms of probation imposed on her in 2015 following her conviction "on charge of P.C. § 664/278." Docket No. 7 at 1.[1] She alleges that the terms of probation imposed on July 6, 2015 are not the terms to which she agreed -- most notably, she only agreed to a one-year probation term but received a three-year probation term -- and that government officials have breached the terms of her probation. *See id.* at 2-3. Defendant allegedly is the chief of probation for Santa Clara County, and is thereby responsible "for the

---

[1] California Penal Code § 278 makes it a crime for a noncustodial parent to detain or conceal a child from the child's legal custodian. California Penal Code § 667 punishes criminal attempts.

defects & discrepancies of the Probation Contract terms that have caused [Plaintiff's] arrest & imprisonment from March 6, 2017 to date." *Id.* at 1. Plaintiff does not allege that Defendant took part in the arrest in 2017, and apparently believes Defendant should be liable because Defendant is in charge of the department that oversees the probation term to which Plaintiff was sentenced. In her prayer for relief, Plaintiff requests that her probation be vacated, that a vehicle and its contents seized upon her arrest in 2017 be returned, and that she be released from custody. *Id.* at 5.

Plaintiff's amended complaint is now before the court for review under 28 U.S.C. § 1915A, which requires a federal court to engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. In its review the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Plaintiff's civil rights complaint is barred by the *Heck* rule. *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been determined to be wrongful. *See id.* at 486-87. A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See id.* The *Heck* rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction -- would imply that the conviction was invalid. The practical importance of this rule is that a plaintiff cannot attack her conviction or sentence *in* a civil rights action for damages; the decision must have been successfully attacked *before* the civil rights action for damages is filed. The *Heck* rule was first announced with respect to an action for damages, but the Supreme Court has since applied the rule to actions that sought equitable relief as well as damages. If success in the § 1983 action would "necessarily demonstrate the invalidity of confinement or its duration," the § 1983 action is barred

no matter the relief sought (i.e., damages or equitable relief) as long as the conviction has not been set aside. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).

The *Heck* rule bars Plaintiff's complaint against the chief of probation for Santa Clara County because success on Plaintiff's claims would call into question the validity of Plaintiff s state court conviction and sentence imposed in 2015. That is, if Plaintiff prevailed on her contention that the sentence imposed should have been a one-year probation term or that her public defender did not adequately represent her in that criminal case, it would call into question the validity of the three-year probation term that was imposed following her conviction.

If Plaintiff wants to challenge her 2015 conviction or the lawfulness of the probation imposed following that conviction, the exclusive method by which she may do so in federal court is by filing a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Plaintiff should be aware that there are rules governing habeas corpus, including a requirement that claims be exhausted in state court before filing a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1) (habeas petition challenging state court conviction cannot be granted if petitioner has not exhausted available state court remedies); *Carden v. Montana*, 626 F.2d 82, 83-84 & n.1 (9th Cir. 1980) (principles of federalism and comity require that federal court abstain from considering habeas petition until all state criminal proceedings are completed and petitioner exhausts available judicial state remedies, unless special circumstances warranting federal intervention prior to a state criminal trial can be found).

For the foregoing reasons, this action is DISMISSED. The dismissal is without prejudice to Plaintiff filing an action for writ of habeas corpus to challenge her conviction and sentence.

Plaintiff's motion to reopen the action is DENIED as unnecessary. Docket No. 9. When she filed the motion, the action was still open.

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: April 12, 2018

_____
EDWARD M. CHEN
United States District Judge

3